money," but, on the contrary, she clearly expressed her intention of bequeathing a definite gross amount to certain charities, the manner of payment being merely incidental. We are of the opinion that, under the language of the bequests and the provisions of the statute pertaining thereto, the gross amount of the bequests vested immediately upon the death of the testatrix and is.deductible from the gross estate.

---

### APPEAL OF JAMES F. COLEMAN.

Docket No. 4891.    Submitted January 11, 1926.    Decided February 17, 1926.

*Harry B. Skillman, Esq.*, for the taxpayer.
*Arthur H. Murray, Esq.*, for the Commissioner.

### Before GRAUPNER, TRAMMELL, and PHILLIPS.

This is an appeal from the determination of a deficiency in income tax for 1923 in the amount of.$70.60. The deficiency arises on account of the disallowance by the Commissioner of a deduction claimed on account of expenses paid in entertaining customers.

#### FINDINGS OF FACT.

The taxpayer during 1923 was a traveling silk salesman. During 1923 his sales amounted to over $500,000. He worked on a commission basis, and his actual traveling expenses, such as railroad fares and hotel bills, were paid him by his employer. No amount was allowed him, however, on account of other expenses which he was required to pay and did pay during the year in entertaining customers and prospective customers for the purpose of securing business. Most of his endeavors were in the City of New York or the immediate vicinity thereof, and no expenses whatever were allowed by the employer while the taxpayer was working there. He kept a memorandum book and each week set down the amount which he had expended during that week for auto hire in carrying prospective customers, theatre tickets and dinners for customers, and other items, such as telephone messages and telegrams, which were not included in the allowance received from his employer. The amount of $1,715.20 was paid out by the taxpayer during the year for such purposes, no part of which was reimbursed him by his employer.

#### DECISION.

The deficiency determined by the Commissioner is disallowed.